**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MICHAEL E. JOHNSON, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-06-2686 |
| LYNN TAYLOR, et al., | * | |
| Defendants | * | |
| | ****** | |

**MEMORANDUM**

This is a civil rights case filed by plaintiff, a state inmate, asserting a civil rights claim for deliberate indifference to a serious medical need. Paper No. 1. Counsel for Defendants Lynn Taylor, RN, Cindy Round, RN, Correctional Medical Services, and Rosemay Robinson has filed a dispositive motion, Paper No. 17, to which plaintiff has not responded.[1] No hearing is needed to resolve the question as to whether plaintiff is entitled to relief. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, defendants' motion to dismiss and/or for summary judgment, construed as a summary judgment motion, shall be granted.

**1. Background**

Plaintiff states his arm was injured on April 17, 2006, while he was housed at the Baltimore

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on January 26, 2006, plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 18. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*. Plaintiff later advised the court that he had not received a copy of defendants' dispositive motion. The clerk was directed to provide a copy of the motion to plaintiff and he was given additional time to file any opposition. Paper Nos. 20 and 24. To date, plaintiff has not filed any opposition.

Also pending is a consent motion to voluntarily dismiss defendants Sowers and Miller, which shall be granted. Paper No. 25. In light of the consent motion, Sowers and Miller's motion to dismiss or in the alternative motion for summary judgment (paper No. 21) shall be denied without prejudice.

County Detention Center. He later was transferred to the Maryland Division of Corrections, Roxbury Correctional Insitution ("RCI"). Plaintiff states that the medical defendants denied him pain medication for his arm as well as "mental health medication." Paper No. 1.

He also states that on August 28, 2006, he suffered from chest pains and Defendants sent him back to his cell without his having been seen by a doctor. *Id.* He further states that throughout August and September, defendants refused to examine him as to his complaints of arm pain. Plaintiff alleges, generally, that CMS does not have enough physicians to treat all of the inmates and treats the worst cases first. *Id.* Plaintiff states that throughout August and September he was denied access to a physician. *Id*. He also alleges that defendants have "tampered" with his medical files to cover up their "wrong doing." *Id*.

The uncontroverted records before the court demonstrate that from July to October, 2006, Plaintiff was evaluated by medical personnel on at least nineteen occasions for his various medical complaints. During that time, plaintiff was evaluated on three occasions by a physician. He was also evaluated by psychiatric personnel, the emergency department of a hospital, a physician's assistant, and numerous nurses. Plaintiff received several x-rays of his injured arm, each of which indicated that the arm was healing and no surgery was required. Plaintiff was prescribed and received Dilantin, valproic acid, Mevacor, aspirin, nitroglycerine, Risteridone, Benadryl and Lopressor, as well as Tylenol #3 for pain. The record evidence demonstrates that frequently plaintiff did not take the medications as prescribed resulting in numerous seizures and psychiatric events. Plaintiff also received a psychiatric referral during this time. Paper No. 17, Ex. A and B.

**2. Standard of review**

A genuine issue of material fact precluding summary judgment exists if there is sufficient

evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997) (citing *Anderson,* 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252.

### 3. Analysis

**A.    Respondeat Superior**

Plaintiff's allegation against Correctional Medical Services, Inc. (CMS), the private prison health care provider is based solely upon the doctrine of *respondeat superior*. The doctrine of *respondeat superior* does not apply in § 1983 claims, even where the defendant is a private corporation, rather than a municipality or other public agency. *See Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D.Md., October 22, 1992), *citing Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991). Accordingly, plaintiff's complaint against CMS shall be dismissed.

**B.    Eighth Amendment**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173

(1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), citing *Wilson v. Seiter,* 501 U.S.294, 297 (1991). To state an Eighth Amendment claim for denial of medical care, plaintiff must demonstrate that the actions of defendants (or their failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew

4

at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001), citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Records before the court demonstrate that defendants have not acted with indifference to plaintiff's medical needs. Rather, plaintiff simply disagrees with the medical and professional judgment of his care providers.[2] Such disagreements with a course of treatment do not provide the framework for a federal civil rights complaint but rather, at most, state a claim for negligence. *See Russell v. Sheffer*, 528 F. 2d 318 (4th Cir. 1975). Moreover, contrary to plaintiff's assertions, he was not required to be seen by a physician on each occasion he presented with medical ailments. Plaintiff's evaluation and treatment by nurses and physician's assistants in coordination with the treating physician are constitutionally adequate and does not establish a deliberate indifference to plaintiff's serious medical needs. .

### 4. Conclusion

For all the foregoing reasons, defendants' motions for summary judgment shall be granted.[3] A separate Order follows.

July 20, 2007                        /s/
Date                                 J. Frederick Motz
                                     United States District Judge

---

[2] Plaintiff has a history of schizophrenia, bipolar disorder, seizure disorder, coronary artery disease, hypertension, and a fracture of the left forearm. Plaintiff was prescribed and received Dilantin, valproic acid, Mevacor, aspirin, nitroglycerine, Risteridone, Benadryl and Lopressor, as well as Tylenol #3 for pain for his various conditions. He was also evaluated by various medical providers: nurses, physician's assistant, psychiatrist, and physicians on nineteen occasions over a two month period of time. Paper No. 17, Ex. C.

[3] In light of the foregoing, plaintiff's "Motion for a Jury trial" (Paper No. 10) shall be denied.